**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RODERIC MALCOLM SCHMIDT,<br><br>Plaintiff(s),<br>v.<br><br>COLDWELL BANKER RESIDENTIAL BROKERAGE, et. al.,<br><br>Defendant(s). | CASE NO. 5:13-cv-00986 EJD<br><br>**ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION; DENYING REQUESTS FOR LEAVE TO RECORD NOTICE OF PENDENCY OF ACTION**<br><br>[Docket Item No(s). 1, 2, 10] |

Presently before the court is Plaintiff Roderic Malcolm Schmidt's ("Plaintiff") request for a temporary restraining order and injunction, which Plaintiff included in the Complaint filed March 5, 2013. See Docket Item No. 1. Also before the court are Plaintiff's requests for leave to record Notices of Pendency of Action, otherwise known as *lis pendens*, against two parcels of property. See Docket Item Nos. 2, 10. For the reasons explained below, Plaintiff's requests will be denied.

**I.   BACKGROUND**

According to the allegations in the Complaint, Plaintiff's father purchased two parcels of real property, one in 1957 (the "Lobos property") and one in 1962 (the "Walnut property"), which he subsequently transferred to a family trust in the 1980s or 1990s. In 2010, Plaintiff's father passed away, which rendered the family trust irrevocable. The current trustee is Plaintiff's brother.

The "Doe" and "Roe" defendants are the accountant and lawyer for the Schmidt Family

1  Trust, respectively. Beginning on or about January 17, 2012, it appears that Plaintiff and his brother,
2  through the lawyer for the trust, began to discuss the possibility of distributing to Plaintiff the Lobos
3  and Walnut properties. However, on or about February 21, 2013, it appears that Plaintiff's brother,
4  along with the lawyer and the accountant, decided to sell the two properties rather than distribute
5  them to Plaintiff, and then listed the properties with Defendant Coldwell Banker Residential
6  Brokerage. Plaintiff alleges that the sales of the properties were secretly arranged in order to
7  defraud Plaintiff.

8  As relief, Plaintiff requests the court set aside the listing agreements with Coldwell Banker
9  and enjoin the sales. Plaintiff also "reserves the right to request the Court replace Lawyer and
10 Accountant and also to replace the Trustee."

## II. REQUEST FOR INJUNCTIVE RELIEF

12 The standards for issuing a TRO and preliminary injunction are the same. See New Motor
13 Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977). A preliminary injunction
14 is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is
15 entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). "The
16 proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) 'that he is
17 likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of
18 preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the
19 public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009).

20 As a corollary to this test, the Ninth Circuit has also found a preliminary injunction
21 appropriate if "serious questions going to the merits were raised and the balance of the hardships tips
22 sharply in the plaintiff's favor," thereby allowing preservation of the status quo where complex legal
23 questions require further inspection or deliberation. Alliance for the Wild Rockies v. Cottrell, 622
24 F.3d 1045, 1049 (9th Cir. 2010).

25 "These formulations are not different tests but represent two points on a sliding scale in
26 which the degree of irreparable harm increases as the probability of success on the merits
27 decreases." Big Country Foods, Inc. v Board of Educ. of the Anchorage Sch. Dist., 868 F.2d 1085,
28

2
CASE NO. 5:13-cv-00986 EJD
ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION; DENYING
REQUESTS FOR LEAVE TO RECORD NOTICE OF PENDENCY OF ACTION

1088 (9th Cir. 1989).  But "[u]nder either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury."  See id.

Plaintiff's Complaint has been carefully reviewed with the applicable standard in mind.  It is, however, problematic as presented.  In particular, the court cannot conduct the appropriate analysis for the issuance of a TRO - which calls for consideration of the application in the context of the action's merits - because any causes of action Plaintiff seeks to assert are not entirely clear.  See Stormans, Inc., 586 F.3d at 1127 (requiring, inter alia, consideration of plaintiff's likelihood of success on the merits); Cottrell, 622 F.3d at 1049 (requiring consideration of "serious questions" going to the merits of the action).  Here, Plaintiff has provided a collection of asserted facts without tying them to a particular cause of action.[1]  Although certain terms and phrases associated with causes of action, such as fraud and breach of fiduciary duty, are used in the Complaint, the elements of any specific cause of action are not apparent.[2]

The method of pleading utilized by Plaintiff can sometimes be sufficient to withstand a motion to dismiss since "[n]otice pleading requires the plaintiff to set forth in his complaint *claims for relief*, not causes of action, statutes or legal theories," (Alvarez v. Hill, 518 F.3d 1152, 1157 (9th Cir. 2008) (emphasis preserved)), but it may nonetheless falter under the more taxing requirements necessary for the issuance of a TRO or injunction.  Something more is must be shown, especially when injunctive relief is sought *ex parte* and prior to service of the Summons and Complaint.  Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006).

Accordingly, because the Complaint in its current form does not establish that Plaintiff is likely to succeed on the merits, the request for a TRO and injunction will be denied without

---

[1] To be sure, Plaintiff's pleadings have been examined under the deference normally reserved for those individuals proceeding without counsel.  See Abassi v. INS, 305 F.3d 1028, 1032 (9th Cir. 2002).

[2] In order to plead a cause of action for fraud, the plaintiff must allege facts to establish the following elements: "(1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud or to induce reliance (4) justifiable reliance; and (5) resulting damage." Engalla v. Permanente Med. Group, Inc., 15 Cal. 4th 951, 974 (1997).  Breach of fiduciary duty requires allegations which satisfy the following elements: (1) existence of a fiduciary relationship; (2) breach of that duty; and (3) damage proximately caused by that breach.  Roberts v. Lomanto, 112 Cal. App. 4th 1553, 1562 (2003).

3
CASE NO. 5:13-cv-00986 EJD
ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION; DENYING REQUESTS FOR LEAVE TO RECORD NOTICE OF PENDENCY OF ACTION

prejudice.

### III. NOTICES OF PENDENCY OF ACTION

Plaintiff also requests leave to record lis pendens against the Lobos and Walnut properties. Because he is proceeding *pro se*, California Code of Civil Procedure 405.21 requires Plaintiff to obtain the court's permission prior to encumbering the property.

"A party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." Cal. Civ. Proc. Code § 405.20. A "real property claim" is a cause of action "in a pleading which would, if meritorious, affect . . . title to, or the right to possession of, specific real property." Cal. Civ. Proc. Code § 405.4.

As already noted, the court is unable to determine solely from the factual matter contained in the Complaint whether or not Plaintiff has asserted a "real property claim" sufficient to authorize him to record a *lis pendens* against the Lobos and Walnut properties. While Plaintiff has requested the court set aside the listing agreements, it cannot be discerned whether any actual or potential causes of action would authorize such relief, even if successful.

Thus, the court finds that Plaintiff has not asserted a "real property claim" in the current version of the Complaint as that phrase is defined by California Code of Civil Procedure § 405.4. Since such a claim is a prerequisite to the recording of a lis pendens, Plaintiff's requests for leave to file *lis pendens* will be denied without prejudice.

### IV. ORDER

Based on the foregoing, Plaintiff's request for a TRO and injunction (Docket Item No. 1) is DENIED WITHOUT PREJUDICE. In addition, his requests for leave to file Notices of Pendency of Action (Docket Item Nos. 2, 10) are DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: March 7, 2013

EDWARD J. DAVILA
United States District Judge

CASE NO. 5:13-cv-00986 EJD
ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION; DENYING REQUESTS FOR LEAVE TO RECORD NOTICE OF PENDENCY OF ACTION