United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RODERIC MALCOLM SCHMIDT, | CASE NO. 5:13-cv-00986 EJD |
| Plaintiff(s), | **ORDER DENYING RENEWED REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION; DENYING RENEWED REQUESTS FOR LEAVE TO RECORD NOTICE OF PENDENCY OF ACTION** |
| v. | |
| COLDWELL BANKER RESIDENTIAL BROKERAGE, et. al., | |
| Defendant(s). | [Docket Item No(s). 15] |

## I. INTRODUCTION

On March 7, 2013, the court denied Plaintiff Roderic Malcolm Schmidt's ("Plaintiff") request for a temporary restraining order ("TRO") and injunction as well as his requests to record Notices of Pendency of Action, otherwise known as *lis pendens*, against two parcels of property alleged to be subject to an imminent sale. See Docket Item No. 13. As explained in the written order, the allegations in the Complaint did not demonstrate a likelihood that Plaintiff would succeed on the merits because the causes of action asserted were not entirely clear. Id. The requests for leave to record *lis pendens* were also denied for that same reason. Id.

Plaintiff filed a First Amended Complaint ("FAC") on March 11, 2013. See Docket Item No. 15. Based on this pleading, Plaintiff renews his requests for a TRO, injunction and for leave to file *lis pendens*. Having carefully reviewed the FAC, the court finds these matters suitable for

1
CASE NO. 5:13-cv-00986 EJD
ORDER DENYING RENEWED REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION;
DENYING RENEWED REQUESTS FOR LEAVE TO RECORD NOTICE OF PENDENCY OF ACTION

disposition without a hearing pursuant to Civil Local Rule 7-1(b). Since they fare no better than their predecessors, the renewed requests will be denied for the reasons explained below.

## II.  BACKGROUND

According to the allegations in the FAC, Plaintiff's father purchased two parcels of real property located in Pacific Grove, California - one in 1957 (the "Lobos property") and one in 1962 (the "Walnut property") - which he subsequently transferred to a family trust, known as the Schmidt Family Trust, in the 1980s or 1990s. See FAC, at ¶¶ 12, 14, 19. The "Doe" and "Roe" defendants are the accountant and lawyer for the trust, the latter having drafted the terms of the trust. Id. at ¶¶ 2, 3, 19. The current trustee is Plaintiff's brother. Id. at ¶ 19. Plaintiff and his brother are both beneficiaries. Id.

The Lobos and Walnut properties are the childhood homes of Plaintiff and his brother, and Plaintiff alleges each are "unique and irreplaceable." Id. at ¶ 15. Plaintiff further alleges his father wanted Plaintiff to inherit the Lobos and Walnut properties, and that these intentions were put in writing "somewhere." Id. at ¶ 17. In the FAC, he claims the Lobos and Walnut properties are "his rightful inheritance." Id. at ¶ 30.

In 2010, Plaintiff's father passed away leaving the Lobos and Walnut properties in the trust, which was then rendered irrevocable. Id. at ¶ 31.

Beginning on or about January 17, 2012, it appears that Plaintiff and his brother, through the lawyer for the trust, began to discuss the possibility of distributing to Plaintiff the Lobos and Walnut properties. Id. at ¶ 32. However, on or about February 21, 2013, it appears that Plaintiff's brother, along with the lawyer and the accountant, decided to sell the two properties rather than distribute them to Plaintiff, and then listed the properties with Defendant Coldwell Banker Residential Brokerage. Id. at ¶¶ 7, 40.

Plaintiff now alleges that the lawyer and accountant for the trust made material misrepresentations to induce his father to create the trust and to transfer the Lobo and Walnut properties. Id. at ¶ 21. Plaintiff also alleges that the lawyer and accountant made material misrepresentations to induce his brother, as trustee, to sell the properties rather than distributing

2
CASE NO. 5:13-cv-00986 EJD
ORDER DENYING RENEWED REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION;
DENYING RENEWED REQUESTS FOR LEAVE TO RECORD NOTICE OF PENDENCY OF ACTION

1  them to Plaintiff. Id. at ¶ 39. Plaintiff believes the sales were secretly arranged in order to defraud
2  Plaintiff. Id. at ¶ 45.

3      Plaintiff asserts one cause of action for fraud against the lawyer and accountant for the trust.
4  As relief, Plaintiff requests the court set aside the deeds transferring the Lobos and Walnut
5  properties to the trust and the listing agreements with Coldwell Banker and enjoin the sales.
6  Plaintiff also "reserves the right to request the Court replace Lawyer and Accountant and also to
7  replace the Trustee."

### III.　LEGAL STANDARD

9      As it did previously, the court begins this discussion with the legal standard that applies. The
10 standards for issuing a TRO and preliminary injunction are the same. See New Motor Vehicle Bd.
11 of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977). A preliminary injunction is "an
12 extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to
13 such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). "The proper legal
14 standard for preliminary injunctive relief requires a party to demonstrate (1) 'that he is likely to
15 succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary
16 relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public
17 interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009).

18     As a corollary to this test, the Ninth Circuit has also found a preliminary injunction
19 appropriate if "serious questions going to the merits were raised and the balance of the hardships tips
20 sharply in the plaintiff's favor," thereby allowing preservation of the status quo where complex legal
21 questions require further inspection or deliberation. Alliance for the Wild Rockies v. Cottrell, 622
22 F.3d 1045, 1049 (9th Cir. 2010).

23     "These formulations are not different tests but represent two points on a sliding scale in
24 which the degree of irreparable harm increases as the probability of success on the merits
25 decreases." Big Country Foods, Inc. v Board of Educ. of the Anchorage Sch. Dist., 868 F.2d 1085,
26 1088 (9th Cir. 1989). But "[u]nder either formulation, the moving party must demonstrate a
27 significant threat of irreparable injury, irrespective of the magnitude of the injury." See id.
28

3
CASE NO. 5:13-cv-00986 EJD
ORDER DENYING RENEWED REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION;
DENYING RENEWED REQUESTS FOR LEAVE TO RECORD NOTICE OF PENDENCY OF ACTION

## IV.  DISCUSSION

In the FAC, Plaintiff has remedied the primary deficiency identified in the order addressing his prior request for injunctive relief. Indeed, Plaintiff has clarified that he intends to assert a cause of action for common law fraud against the lawyer and accountant for the trust. Plaintiff has also included additional factual allegations.

Those amendments are helpful because the court may now proceed to construe the FAC under the necessary elements. But in doing so, it becomes apparent that Plaintiff still has not met his burden to demonstrate a likelihood of success on the merits.

Under California law, a plaintiff asserting fraud must allege facts supporting the following elements: "(1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud or to induce reliance (4) justifiable reliance; and (5) resulting damage." Engalla v. Permanente Med. Group, Inc., 15 Cal. 4th 951, 974 (1997).

In federal court, claims which sound in fraud are subject to a heightened pleading standard. Fed. R. Civ. Proc. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007) ("Rule 9(b) imposes heightened pleading requirements where 'the object of the conspiracy is fraudulent.'"). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account of the time, place, and specific content of the false representations as well as the *identities* of the parties to the misrepresentations." Swartz, 476 F.3d at 764 (emphasis added). In other words, these claims must generally contain more specific facts than is necessary to support other causes of action.

The FAC does not satisfy the particularity required by Rule 9, mainly because Plaintiff has not identified the lawyer and accountant for the trust by name. Instead, he has chosen to use "doe" references. "As a general rule, the use of 'John Doe' to identify a defendant is not favored" and is only proper when "where the identity of alleged defendants will not be known prior to the filing of a

CASE NO. 5:13-cv-00986 EJD
ORDER DENYING RENEWED REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION;
DENYING RENEWED REQUESTS FOR LEAVE TO RECORD NOTICE OF PENDENCY OF ACTION

complaint." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Here, the use of "doe" references is improper since other allegations in the FAC establish that Plaintiff must know the identities of the lawyer and the accountant, or can easily learn their identities from another source. See FAC, at ¶ 3 ("Defendant John Doe ('Accountant') is the accountant for the Trust, and for many years was father's accountant."), ¶ 32 ("On January 17, 2012, Plaintiff wrote to Lawyer by email . . . Lawyer responded two days later . . . .").

Moreover, the court is concerned that an injunctive order which restricts the activity of "doe" defendants would violate the specificity requirement of Federal Rule of Civil Procedure 65(d) and render the order impermissibly vague. See Schmidt v. Lessard, 414 U.S. 473, 476 (1974). Indeed, the FAC would only support a TRO directed at the "doe" defendants since the fraud cause of action is not asserted against Coldwell Banker.

In addition, Plaintiff does not have standing to assert a direct claim for fraud against the lawyer and accountant based on the allegations in the FAC. The prudential limitation on standing in federal court "encompasses 'the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked.'" Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12 (2004) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)).

In its current form, the fraud cause of action is based solely on misrepresentations allegedly made to Plaintiff's *father* and Plaintiff's *brother*, not to Plaintiff himself. The allegations also establish that it was Plaintiff's father who relied on the misrepresentations to create the trust and his brother who relied on misrepresentations to list the properties for sale. But absent circumstances not relevant here, a plaintiff asserting fraud based on misrepresentation must establish *personal* reliance on the misrepresentation. See Brown v. Super. Ct., 44 Cal. 3d 1049, 1070-71 (1988) ("In order to prevail in an action for fraud, a plaintiff must show that the defendant made misrepresentations upon which he relied to his detriment, and that such misrepresentations were made with fraudulent knowledge or intent."). These allegations may be sufficient to establish standing for Plaintiff's

5
CASE NO. 5:13-cv-00986 EJD
ORDER DENYING RENEWED REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION;
DENYING RENEWED REQUESTS FOR LEAVE TO RECORD NOTICE OF PENDENCY OF ACTION

1  brother or for the representative authorized to bring claims on behalf of Plaintiff's father, but not for
2  Plaintiff.  While Plaintiff may have standing to assert other causes of action as a trust beneficiary,
3  the prudential limitation on standing precludes him from bringing a cause of action for
4  misrepresentation based on the alleged facts.
5        For these reasons, the court finds that Plaintiff is unable to demonstrate a likelihood to
6  success on the merits, and that this inability outweighs any degree of equity, irreparable harm or
7  amount of public interest which may favor a TRO.  Furthermore, Plaintiff has not raised the type of
8  "serious questions" sufficient to justify injunctive relief.  Plaintiff's renewed request will therefore
9  be denied.

## V.   ORDER

11        Based on the foregoing, Plaintiff's renewed request for a TRO and injunction is DENIED.
12  The renewed request for leave to file Notices of Pendency of Action is also DENIED because
13  Plaintiff has not asserted a viable "real property claim" under California Code of Civil Procedure §
14  405.4 due to lack of standing.
15        The court will not entertain further requests for injunctive relief prior to service of process in
16  this action, and any post-service request must contain all of the documents listed in Civil Local Rule
17  65-1(a).  Failure to comply as directed will result in an order summarily denying the request.
18        The court schedules this action for a Case Management Conference on **May 10, 2013, at**
19  **10:00 a.m.**  The parties shall file a Joint Case Management Statement or separate statements under
20  Civil Local Rule 16-9(a) on or before **May 3, 2013**.
21  **IT IS SO ORDERED.**

23  Dated:  March 20, 2013

                                        EDWARD J. DAVILA
                                        United States District Judge