IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RODERIC MALCOLM SCHMIDT,<br><br>Plaintiff(s),<br>v.<br><br>COLDWELL BANKER RESIDENTIAL BROKERAGE, et. al.,<br><br>Defendant(s). | CASE NO. 5:13-cv-00986 EJD<br><br>**ORDER GRANTING MOTION TO INTERVENE; GRANTING MOTION TO EXPUNGE LIS PENDENS**<br><br>[Docket Item No(s). 25, 29] |

Presently before the court are two matters filed by Proposed Intervenor Martin A. Schmidt in his capacity as successor trustee of the Schmidt Family Trust dated July 12, 1979 ("Intervenor"): (1) a Motion for Leave to Intervene in this action pursuant to Federal Rule of Civil Procedure 24, and (2) a Motion to Expunge Lis Pendens recorded against two real properties by Plaintiff Roderic Malcolm Schmidt ("Plaintiff"). See Docket Item Nos. 25, 29. Plaintiff has filed written opposition to these motions. See Docket Item Nos. 39, 42-44.[1]

Federal jurisdiction arises pursuant to 28 U.S.C. § 1332. Having carefully reviewed these matters, the court finds them suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the motion hearing scheduled for May 17, 2013, will be vacated and, for the reasons explained below, both motions will be granted.

---

[1] Plaintiff's Motion for Leave to file oppositions out of time (Docket Item No. 45) is GRANTED.

1
CASE NO. 5:13-cv-00986 EJD
ORDER GRANTING MOTION TO INTERVENE; GRANTING MOTION TO EXPUNGE LIS PENDENS

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action involves two parcels of real property located in Pacific Grove, California. According to the allegations contained in the First Amended Complaint ("FAC"), Plaintiff's father purchased the properties - one in 1957 (the "Lobos property") and one in 1962 (the "Walnut property") - and subsequently transferred them to a family trust, known as the Schmidt Family Trust, in the 1980s or 1990s. See FAC, Docket Item No. 15, at ¶¶ 12, 14, 19. The "Doe" and "Roe" defendants named in the FAC are the accountant and lawyer for the trust, the latter having drafted the terms of the trust. Id. at ¶¶ 2, 3, 19. The current trustee is Intervenor. Id. at ¶ 19. Plaintiff and Intervenor are both trust beneficiaries. Id.

Plaintiff alleges that the Lobos and Walnut properties are the childhood homes of Plaintiff and Intervenor, and Plaintiff believes that each are "unique and irreplaceable." Id. at ¶ 15. Plaintiff further alleges his father wanted Plaintiff to inherit the Lobos and Walnut properties, and that these intentions were put in writing "somewhere." Id. at ¶ 17. In the FAC, he claims the Lobos and Walnut properties are "his rightful inheritance." Id. at ¶ 30.

In 2010, Plaintiff's father passed away leaving the Lobos and Walnut properties in the trust, which was then rendered irrevocable. Id. at ¶ 31.

Beginning on or about January 17, 2012, it appears that Plaintiff and Intervenor, through the lawyer for the trust, began to discuss the possibility of distributing to Plaintiff the Lobos and Walnut properties. Id. at ¶ 32. However, on or about February 21, 2013, Intervenor, along with the lawyer and the accountant, decided to sell the two properties rather than distribute them to Plaintiff, and then listed the properties with Defendant Coldwell Banker Residential Brokerage ("Coldwell Banker"). Id. at ¶¶ 7, 40.

As a basis for this lawsuit, Plaintiff alleges that the lawyer and accountant for the trust made material misrepresentations to induce his father to create the trust and to transfer the Lobos and Walnut properties. Id. at ¶ 21. Plaintiff also alleges that the lawyer and accountant made material misrepresentations to induce Intervenor, as trustee, to sell the properties rather than distributing them to Plaintiff. Id. at ¶ 39. Plaintiff believes the sales were secretly arranged in order to defraud Plaintiff. Id. at ¶ 45. He asserts one cause of action for fraud against the lawyer and accountant for

the trust, and requests the court set aside the deeds transferring the Lobos and Walnut properties to the trust as well as the listing agreements with Coldwell Banker. He also seeks to enjoin the sales and "reserves the right to request the Court replace Lawyer and Accountant and also to replace the Trustee."

After commencing this action on March 5, 2013, Plaintiff filed two requests for temporary restraining orders and two requests for leave to record lis pendens against the Lobos and Walnut properties. See Docket Item Nos. 1, 15. All of Plaintiff's requests were denied, and these motions followed. See Docket Item Nos. 13, 16.

## II. MOTION TO INTERVENE

### A. Legal Standard

A third party may intervene in a case either as a matter of right, under Federal Rule of Civil Procedure 24(a), or with the court's permission, pursuant to Federal Rule of Civil Procedure 24(b). To establish the right to intervene under Rule 24(a)(2), a third party applicant must establish four elements:

(1) [its] motion must be timely;

(2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action;

(3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and

(4) the applicant's interest must be inadequately represented by the parties to the action.

Sierra Club v. U.S. Envtl. Prot. Agency, 995 F.2d 1478, 1481 (9th Cir. 1993) (line breaks added). "While an applicant seeking to intervene has the burden to show that these four elements are met, the requirements are broadly interpreted in favor of intervention." Citizens for Balanced Use v. Montana Wilderness Ass'n, 647 F.3d 893, 897 (9th Cir. 2011).

As to Rule 24(b), the court may permit a party to intervene in its discretion provided three threshold conditions are satisfied: (1) there is an independent ground for jurisdiction; (2) there has been a timely motion made; and (3) there is a common question of law and fact between the applicant's claim or defense and the main action. Beckman Indus. v. International Ins. Co., 966 F.2d

3
CASE NO. 5:13-cv-00986 EJD
ORDER GRANTING MOTION TO INTERVENE; GRANTING MOTION TO EXPUNGE LIS PENDENS

1  470, 473 (9th Cir. 1992).

2  **B.  Discussion**

3  In his motion, Intervenor argues that he meets the standards applicable to each type of
4  intervention and that his participation in this action can be justified under either subsection (a) or (b)
5  of Rule 24.  The court agrees.

6  Looking first at intervention as of right, Intervenor easily establishes the four requisite
7  elements.  The Motion to Intervene was filed in a timely matter, only two months after this action
8  was commenced and only one month after Coldwell Banker - the only defendant actually identified
9  in the FAC - filed its Answer.  At this very early stage, the parties have not yet engaged in
10 significant discovery, if they have done so at all, and the court has not yet heard challenges to the
11 pleadings.  As such, the parties will not suffer prejudice from Intervenor's appearance and
12 intervention will not cause disruption or delay in the proceedings.

13 Second, Intervenor has identified a "significantly protectable" interest considering the relief
14 Plaintiff seeks through this litigation.  "Whether an applicant for intervention as of right
15 demonstrates sufficient interest in an action is a 'practical, threshold inquiry,' and '[n]o specific
16 legal or equitable interest need be established.'"  Nw. Forest Res. Council v. Glickman, 82 F.3d 825,
17 837 (9th Cir. 1996) (quoting Greene v. United States, 996 F.2d 973, 976 (9th Cir. 1993)).  "An
18 applicant demonstrates a 'significantly protectable interest' when 'the injunctive relief sought by the
19 plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable
20 interests.'"  Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 818 (9th Cir. 2001) (quoting
21 Forest Conservation Council v. United States Forest Serv., 66 F.3d 1489, 1494 (9th Cir. 1995)).
22 Here, Plaintiff requests injunctive-type orders affecting the disposition of trust property as well as
23 those dictating the operations of the trust.  This relief, if granted, would clearly have a direct,
24 immediate and perhaps harmful effect on Intervenor's interests as trustee, particularly since
25 Intervenor must adhere to certain duties while occupying that role.  See Cal. Prob. Code § 16000 et.
26 seq.

27 Third, it is without doubt that the disposition of this action will impair or impede
28 Intervenor's interest as trustee.  "If an absentee would be substantially affected in a practical sense

by the determination made in an action, he should, as a general rule, be entitled to intervene . . . ." Fed. R. Civ. P. 24 advisory committee's note; see also Berg, 268 F.3d at 822 (finding it appropriate to "follow the guidance of Rule 24 advisory committee notes"). As noted, Plaintiff challenges a decision by Intervenor to sell trust property and the relief sought would substantially effect Intervenor's interest and duties.

Fourth, Intervenor's interest is not presently represented by the current parties to this action. "The burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate. Citizens for Balanced Use, 647 F.3d at 898 (citing Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003)). Three factors are routinely examined: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." Arakaki, 324 F.3d at 1086. As it presently stands, Intervenor's interest as trustee is not common to any other party. Neither Coldwell Banker nor the unidentified defendants have an ownership interest in the Lobos and Walnut properties, nor do any defendants occupy Intervenor's unique position as trustee. Moreover, defendants' arguments in opposition to Plaintiff's claims will be focused in disproving the fraud allegations. Thus, it is unlikely that any other party will make or is capable of making Intervenor's arguments.

Intervenor, for similar reasons, also qualifies for permissive intervention. Since there is no indication that Intervenor is domiciled in Oregon, federal jurisdiction based on diversity is not affected by intervention based on this timely motion. In addition, Intervenor's interest in deeming the property sales valid presents an issue common to one raised by Plaintiff, who seeks to declare the sales invalid.

Since Intervenor has met his burden as to both intervention as of right and permissive intervention, his motion will be granted.

### III. MOTION TO EXPUNGE LIS PENDENS

#### A. Legal Standard

California state law controls matters relating to lis pendens. See 28 U.S.C. § 1964. In

California, any party may apply to the court in which the action is pending to expunge a lis pendens. Cal. Civ. Proc. Code § 405.30. The court must grant a motion to expunge if it determines either (1) that the pleading on which the notice is based does not contain a real property claim, or (2) that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim. Cal. Civ. Proc. Code §§ 405.31, 405.32. "[T]he burden is on the party opposing the motion to show the existence of a real property claim." Kirkeby v. Super. Ct., 33 Cal. 4th 642, 647 (2004).

**B.     Discussion**

According to the documents submitted by Intervenor, Plaintiff recorded two lis pendens, one against the Lobos property and one against the Walnut property, on March 20, 2013. See Decl. of Elizabeth Gianola, Docket Item No. 27, at Exs. A, B.[2] The recorded documents were signed only by Plaintiff.

Procedurally speaking, Plaintiff was not authorized to record the lis pendens on his own behalf without court authorization. "A notice of pendency of action *shall not* be recorded unless (a) it has been signed by the attorney of record, (b) it is signed by a party acting in propria persona and approved by a judge as provided in this section, or (c) the action is subject to Section 405.6." Cal. Civ. Proc. Code § 405.21 (emphasis added). At the time of the recording, Plaintiff's request for approval had already been denied once on March 7, 2013, and was denied for a second time on March 20, 2013. See Docket Item Nos. 13, 16. Plaintiff's constitutional arguments in opposition to the distinction made in Civil Procedure Code § 405.21 is unpersuasive.[3]

As to the substance, the court has already explained why the FAC does not contain a real

---

[2] Intervenor's request for judicial notice (Docket Item No. 28) is GRANTED. See Fed. R. Evid. 201.

[3] In the lis pendens, Plaintiff states that he is "legally equivalent to an attorney . . . under Article I Section 20 of the Oregon Constitution and Article IV Section I of the Federal Constitution" and appears to argue that the Full Faith and Credit Clause of the United States Constitution requires this court to apply Oregon law - and in particular the Oregon Constitution - when considering matters based entirely in California law. Such an argument is misplaced. The Full Faith and Credit Clause "does not compel 'a state to substitute the statutes of other states for its own statutes dealing with a subject matter concerning which it is competent to legislate.'" Sun Oil Co. v. Wortman, 486 U.S. 717, 722 (1988) (quoting Pac. Emp'rs Ins. Co. v. Indus. Accident Comm'n, 306 U.S. 493, 501 (1939)).

property claim sufficient to support a lis pendens against the Lobos and Walnut properties. See Docket Item No. 13 ("The renewed request for leave to file Notices of Pendency of Action is also DENIED because Plaintiff has not asserted a viable 'real property claim' under California Code of Civil Procedure § 405.4 due to lack of standing."). Plaintiff's opposition to this motion does not compel a different conclusion.

Accordingly, Intervenor's Motion to Expunge the Lis Pendens recorded against the Lobos and Walnut properties will be granted. In addition, the court is unable to find that Plaintiff acted with substantial justification or that imposing fees would be unjust, particularly since Plaintiff unilaterally recorded the documents in violation of the statute and without court authorization. See Cal. Civ. Proc. Code § 405.38. Intervenor is therefore awarded reasonable attorney's fees and costs in the amount of $975.00, which represents three hours of attorney time at an hourly rate of $325.00.

### IV. ORDER

Based on the foregoing:

1. Intervenor's Motion to Intervene (Docket Item No. 29) is GRANTED.

2. Intervenor's Motion to Expunge Lis Pendens (Docket Item No. 25) is GRANTED. The lis pendens recorded against 516 Lobos Avenue, Pacific Grove, California (Document Number 2013017460) and the lis pendens recorded against 814 Walnut Street, Pacific Grove, California (Document Number 2013017461) are each EXPUNGED. Pursuant to California Code of Civil Procedure § 405.38, Plaintiff shall pay to Intervenor $975.00 within 30 days of the date this Order is filed.

The hearing scheduled for May 17, 2013, is VACATED.

**IT IS SO ORDERED.**

Dated: May 14, 2013

EDWARD J. DAVILA
United States District Judge