*E-FILED: August 19, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RODERIC MALCOLM SCHMIDT,<br><br>    Plaintiff,<br>  v.<br><br>COLDWELL BANKER RESIDENTIAL BROKERAGE, JOHN DOE, JANE ROE,<br><br>    Defendants. | No. C13-00986 EJD (HRL)<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER; AND (2) DENYING AS MOOT PLAINTIFF'S MOTION FOR AN ORDER SHORTENING TIME**<br><br>[Re: Docket Nos. 85, 89] |

Plaintiff has filed a motion for a protective order preventing his deposition, which is scheduled to take place in Monterey on August 22, 2013. Intervenor Martin Schmidt filed papers in opposition to plaintiff's motion. Defendant Coldwell Banker Residential Brokerage joins in intervenor's opposition. The parties are advised that this court does not entertain noticed discovery motions. And, ordinarily, this court would have terminated plaintiff's motion and directed the parties to comply with its Standing Order re Civil Discovery Disputes. Having reviewed the moving and responding papers, however, this court finds that this matter can be resolved without further briefing or oral argument. CIV. L.R. 7-1(b). For the reasons stated below, plaintiff's motion for protective order is denied and his motion for an order shortening time for a motion hearing is denied as moot.

Plaintiff has not convincingly demonstrated the need for a protective order preventing

1  his deposition, except by written questions.  Plaintiff is scheduled to be here during the week of
2  August 19; and, indeed, intervenor says that the deposition, originally set for August 8, was re-
3  scheduled for August 22, 2013 solely to accommodate plaintiff.  Plaintiffs routinely are subject
4  to examination by opposing parties, and the opposing parties here are entitled to a live
5  deposition of plaintiff by oral examination.  Additionally, at this time and on the record
6  presented, the court declines to limit the examination in the ways suggested by plaintiff.  It goes
7  without saying that plaintiff may be asked about any non-privileged matters that are relevant to
8  any party's claim or defense, or that are reasonably calculated to lead to the discovery of
9  admissible evidence.  FED. R. CIV. P. 26(b)(1).  Contrary to plaintiff's assertions, however, the
10 scope of permissible and relevant discovery includes questions about matters or evidence that
11 might tend to disprove or contradict his allegations.

12     To the extent the testimony involves the disclosure of any sensitive or confidential
13 information, such information may be used only for prosecuting, defending, or attempting to
14 settle this litigation.  If the parties decide that other or further protection is appropriate, they
15 should meet-and-confer to attempt to agree on additional terms.  To the extent plaintiff believes
16 that certain information elicited at his deposition should not be made part of the court's public
17 records, pursuant to Civil Local Rule 79-5, he may request a sealing order.  However, plaintiff
18 is advised that sealing orders may issue only upon a request that establishes that the subject
19 information is privileged or protectable as a trade secret or otherwise entitled to protection
20 under the law.  Plaintiff is admonished not to abuse that process.

21     As for plaintiff's request to bar Martin Schmidt from attending the deposition, the court
22 may, for good cause shown, designate the persons who may be present while the deposition is
23 conducted.  FED. R. CIV. P. 26(c)(1)(E).  Such exclusion orders are, however, "ordered rarely
24 indeed."  Galella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973).  It is unclear whether Martin
25 Schmidt even plans to attend the deposition.  But, all plaintiff says is that intervenor is upset
26 with him.  Without more, this court declines to bar him from attending the examination.
27 However, the court's ruling on this issue is made without prejudice, should it be established that
28

1 Martin Schmidt is harassing plaintiff or that his presence at the deposition is disrupting the
2 examination.
3     Finally, the parties are advised that this court will not entertain any future discovery
4 matters that are not brought in compliance with the undersigned's Standing Order re Civil
5 Discovery Disputes.
6     SO ORDERED.
7 Dated: August 19, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:13-cv-00986-EJD Notice has been electronically mailed to:

Elizabeth Catherine Gianola    egianola@horanlegal.com, jkilpatrick@horanlegal.com

Michael William Davidson    mike.davidson@westrsc.com, debbie.roth@westrsc.com

5:13-cv-00986-EJD Notice sent by U.S. Mail to:

Roderic Malcolm Schmidt
465 NE 181st #464
Portland, OR 97230