1  Elizabeth C. Gianola SBN#142522
   HORAN LLOYD
2  A Professional Corporation
   26385 Carmel Rancho Blvd., Suite 200
3  Carmel, CA  93923
4  Tel:    (831) 373-4131
   Fax:   (831) 373-8302
5

6
                    UNITED STATES DISTRICT COURT
7
                    NORTHERN DISTRICT OF CALIFORNIA
8

9  RODERIC MALCOLM SCHMIDT,        )   Case No.: 5:13-cv-00986-EJD
                                   )
10         Plaintiff,               )
       vs.                         )   **REQUEST FOR DISMISSAL OF**
11                                 )   **ENTIRE ACTION WITH**
                                   )   **PREJUDICE AND FOR ORDER**
12 COLDWELL BANKER RESIDENTIAL     )   **OF COURT TO RETAIN**
   BROKERAGE, John Doe, Jane Roe,  )   **JURISDICTION TO ENFORCE**
13                                 )   **SETTLEMENT AGREEMENT**
         Defendants.                )
14                                 )
   MARTIN A. SCHMIDT, SUCCESSOR    )
15 TRUSTEE OF THE SCHMIDT FAMILY   )
   TRUST DATED JULY 12, 1979,      )
16                                 )
         Intervenor.                )
17                                 )
                                   )
18                                 )
                                   )
19

20 **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

21     PLEASE TAKE NOTICE THAT Plaintiff Roderic Malcolm Schmidt requests that this

22 entire action, United States District Court, Northern District of California, Case No. 5:13-cv-

23 00986-EJD be dismissed with prejudice.

24     The undersigned parties further request that the Court retain jurisdiction to enforce the

25 Settlement Agreement attached hereto and incorporated herein.

26

27
   *Schmidt v. Coldwell Banker Residential*              1       REQUEST FOR DISMISSAL OF ENTIRE ACTION WITH
   *Brokerage, et al.*                                           PREJUDICE AND FOR ORDER OF COURT TO RETAIN
28 US District Court, Northern District,                         JURISDICTION TO ENFORCE SETTLEMENT
   Case No. 5:13-cv-00986-EJD                                    AGREEMENT

1  Dated: August 22, 2013

        *Roderic Malcolm Schmidt* (signed)
Roderic Malcolm Schmidt
Plaintiff In Pro Per

4  Dated:   August 22, 2013

        (signed)
Martin A. Schmidt, Successor Trustee of the
Schmidt Family Trust Dated July 12, 1979

NRT WEST, INC. DBA COLDWELL BANKER
RESIDENTIAL MORTGAGE

By: _____
Daniel M. Mueller, Vice-President and
Western Regional Counsel

Dated: August 22, 2013

HORAN LLOYD

By: *E.C. Gianola* (signed)
Elizabeth C. Gianola
Attorneys for Defendant Intervenor Martin
A. Schmidt, Successor Trustee of The
Schmidt Family Trust Dated July 12, 1979

Dated: August 22, 2013

LAW DIVISION OF NRT LLC

By: _____
Michael W. Davidson
Attorneys for Defendant
NRT West, Inc. dba Coldwell Banker
Residential Brokerage

---

*Schmidt v. Coldwell Banker Residential Brokerage, et al.*
US District Court, Northern District,
Case No. 5:13-cv-00986-EJD

2

REQUEST FOR DISMISSAL OF ENTIRE ACTION WITH PREJUDICE AND FOR ORDER OF COURT TO RETAIN JURISDICTION TO ENFORCE SETTLEMENT AGREEMENT

| | | |
|---|---|---|
| 1 | Dated: August 22, 2013 | _[signature]_ |
| 2 | | Roderic Malcolm Schmidt |
| | | Plaintiff In Pro Per |
| 3 | | |
| 4 | Dated: August 22, 2013 | _____ |
| 5 | | Martin A. Schmidt, Successor Trustee of the |
| | | Schmidt Family Trust Dated July 12, 1979 |

NRT WEST, INC. DBA COLDWELL BANKER
RESIDENTIAL MORTGAGE

_[signature]_

By: Daniel M. Mueller, Vice-President and
Western Regional Counsel

Dated: August 22, 2013         HORAN LLOYD

By: _[signature]_
Elizabeth C. Gianola
Attorneys for Defendant Intervenor Martin
A. Schmidt, Successor Trustee of The
Schmidt Family Trust Dated July 12, 1979

Dated: August 22, 2013         LAW DIVISION OF NRT LLC

By: _[signature]_
Michael W. Davidson
Attorneys for Defendant
NRT West, Inc. dba Coldwell Banker
Residential Brokerage

---

*Schmidt v. Coldwell Banker Residential Brokerage, et al.*
US District Court, Northern District,
Case No. 5:13-cv-00986-EJD

2

REQUEST FOR DISMISSAL OF ENTIRE ACTION WITH PREJUDICE AND FOR ORDER OF COURT TO RETAIN JURISDICTION TO ENFORCE SETTLEMENT AGREEMENT

IT IS SO ORDERED

DATED:_____, 2013

_____
EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE

Schmidt v. Coldwell Banker Residential Brokerage, et al.
US District Court, Northern District,
Case No. 5:13-cv-00986-EJD

3

REQUEST FOR DISMISSAL OF ENTIRE ACTION WITH PREJUDICE AND FOR ORDER OF COURT TO RETAIN JURISDICTION TO ENFORCE SETTLEMENT AGREEMENT

# SETTLEMENT
# AND RELEASE AGREEMENT

This Settlement and Release Agreement (hereinafter referred to as the "Agreement") is entered into by and between the following parties:

(1) Roderic Malcolm Schmidt (hereinafter "Plaintiff");

(2) Martin A. Schmidt, individually ("Martin A. Schmidt") and as Successor Trustee, The Schmidt Family Trust Dated July 12, 1979 ("Trustee"); and

(3) NRT West, Inc. dba Coldwell Banker Residential Brokerage ("Coldwell");

1. Andy Schmidt and Mary Schmidt created on July 12, 1979 The Schmidt Family Trust Dated July 12, 1979 which was amended on February 7, 1985 to name Martin A. Schmidt and Plaintiff as co-trustees and was amended again on January 22, 1997 to name Martin A. Schmidt first successor trustee and Plaintiff as second successor trustee (hereinafter collectively the "Trust"). Mary Schmidt died on September 27, 1998 and Andy Schmidt died on December 31, 2010. At the time of Andy Schmidt's death the irrevocable Trust had assets comprised of 1) three (3) residential properties (the Walnut Property, the Lobos Property and the Guadalupe Property as more particularly described below); 2) annuities, IRA and insurance which have already been distributed to Martin A. Schmidt and Plaintiff in equal shares; 3) cash; 4) a cemetery plot and 5) personal property.

2. In February of 2013, the Trust entered into listing and sales agreements for the Walnut Property and the Lobos Property (hereinafter the "Property Agreements").

3. On, March 5, 2013 Plaintiff filed United States District Court, Northern District of California,Case No. 5:13-cv-00986-EJD (the "Action") against Coldwell, related to the Trust and the Property Agreements. Trustee filed a Motion to Intervene in the Action which motion was granted.

4. Each of the parties desires to fully resolve and finally settle all of their claims against each of the other parties of every kind and character whatsoever connected with or arising out of, directly or indirectly, the Action, the Property Agreements, and the Trust subject to the conditions set forth below.

NOW, THEREFORE, it is hereby agreed as follows:

1

## AGREEMENT

1. The Trust will distribute to Plaintiff the real property located at 814 Walnut Street, Pacific Grove, California (the "Walnut Property") and the cemetery plot. The cemetery plot is valued at $3465. However, for purposes of determining the equalization of distribution shares as between Martin A. Schmidt and Plaintiff, the cemetery plot will valued at $0. For purposes of distribution, the Walnut Property is valued at $585,000.

2. The Trust will distribute to Martin Schmidt the real property located at 24587 Guadalupe Street, Carmel, California (the "Guadalupe Property"). For purposes of distribution, the Guadalupe Property is valued at $700,000.

3. The parties agree that the real property located at 516 Lobos Avenue, Pacific Grove, California shall be sold and the cash assets of the Trust shall be increased by the net proceeds. All parties will execute and notarize any and all documents necessary to transact the sale.

4. The Trust will distribute to Martin A. Schmidt and Plaintiff equally the personal property valued at approximately $750.

5. Trust administration expenses, accounting and legal fees and costs, and Trust tax liability, if any, and any other costs or fees paid by the Trust will then be deducted from the cash assets. The balance shall then be allocated in a manner to equalize the distribution to the above referenced beneficiaries. The share distributed to Plaintiff will then be decreased by 75% of all legal fees and costs incurred by the Trust related to the Action (which fees are at least $67,000 to date) (the "Legal Fees") which Legal Fees shall then be allocated to Martin A. Schmidt. These cash assets, so then allocated, shall then be distributed to the beneficiaries subject to retention of a sufficient reserve to pay closing expenses.

6. Trustee will cause the Trust tax preparer to prepare a draft final trust income tax return including a proposed Schedule K-1 for each beneficiary and the amount of tax withholding that would be required if a beneficiary fails to provide the beneficiary's tax identification number. Plaintiff will be provided a proposed Schedule K-1 with all required information except Plaintiff's tax identification number. Within 10 days of date of mailing the draft tax return and Schedule K-1 to Plaintiff, Plaintiff will notify the Trustee in writing and provide either 1) his tax identification number so that a complete Schedule K-1 can be prepared or 2) Form W-9 (with all required information including his tax identification number which Form W-9 affirms that Plaintiff is not subject to backup withholding) at which

time returns will be filed and final distributions will occur. If Plaintiff elects not to provide either his tax identification number so that a complete Schedule K-1 can be prepared or a completed Form W-9 affirming that Plaintiff is not subject to backup withholding or if Plaintiff fails to respond within said 10 days, then Trustee will file the final trust tax return including the Schedule K-1 without Plaintiff's tax identification number and withhold any amount required by law and internal revenue service requirements for backup withholding from Plaintiff's share of the cash distribution. The Trustee will accept the W-9 with the statement "Under Protest" as long as all of the information on the W-9 is correct.

7. Plaintiff agrees to dismiss the entire Action, United States District Court, Northern District of California, Case No. 5:13-cv-00986-EJD with prejudice. All parties request that the Court retain jurisdiction to enforce this Agreement and agree to and will execute the attached Request for Dismissal of Entire Action With Prejudice and For Order of Court To Retain Jurisdiction To Enforce Settlement Agreement simultaneously with this Agreement so that it may be filed with the Court by Trustee's legal counsel.

8. Except as provided herein and in and for consideration set forth in this Settlement and Release Agreement, Plaintiff for himself, his beneficiaries, spouses, employees, tenants, heirs, assigns, agents, successors, partners and legal representatives, hereby releases and forever discharges Martin A. Schmidt individually and as Successor Trustee of The Schmidt Family Trust Dated July 12, 1979, the Trust, and Coldwell and their beneficiaries, employees, tenants, partners, spouses, heirs, assigns, agents, successors, and legal representatives including but not limited to Maureen Mason and Pat Parrish of Coldwell, Ron Kabat, and Anne McGowan, from any and all claims of every kind and character whatsoever arising out of, directly or indirectly, or in any other manner connected with the Action, the Property Agreements and the Trust.

9. Except as provided herein and in and for consideration set forth in this Settlement and Release Agreement, Martin A. Schmidt individually and as Successor Trustee of The Schmidt Family Trust Dated July 12, 1979 and Coldwell for themselves, their beneficiaries, employees, partners, spouses, tenants, heirs, assigns, agents, successors and legal representatives hereby release and forever discharge Plaintiff his beneficiaries, spouses, heirs, employees, tenants, partners, assigns, agents, successors and legal representatives from any and all claims of every kind and character whatsoever arising out of, directly or indirectly, or in any other manner connected with the Action, the Property Agreements and the Trust.

10. Except as provided herein and in and for consideration set forth in this Settlement and Release Agreement, Martin A. Schmidt individually and as Successor Trustee of The Schmidt Family Trust Dated July 12, 1979 for himself, the Trust, his

beneficiaries, employees, tenants, heirs, assigns, agents, successors, partners and legal representatives, hereby releases and forever discharges Coldwell and their beneficiaries, employees, tenants, partners, spouses, heirs, assigns, agents, successors and legal representatives including but not limited to including Maureen Mason and Pat Parrish from any and all claims of every kind and character whatsoever arising out of, directly or indirectly, or in any other manner connected with the Action and the Property Agreements.

11. Except as provided herein and in and for consideration set forth in this Settlement and Release Agreement, Coldwell for themselves, their beneficiaries, employees, partners, spouses, tenants, heirs, assigns, agents including Maureen Mason and Pat Parrish, successors and legal representatives hereby release and forever discharge Martin A. Schmidt individually and as Successor Trustee of The Schmidt Family Trust Dated July 12, 1979 and the Trust, their beneficiaries, heirs, spouses, employees, tenants, partners, assigns, agents, successors and legal representatives including but not limited to Ron Kabat and Anne McGowan from any and all claims of every kind and character whatsoever arising out of, directly or indirectly, or in any other manner connected with the Action and the Property Agreements.

12. This Agreement constitutes the resolution and settlement of disputed claims and shall not be construed as an admission of any liability or wrongdoing on the part of any of the parties hereto.

13. All parties agree to execute any and all documents necessary to implement the terms of this Agreement.

14. The parties hereto have read and understand this Agreement and warrant and represent that this Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of any party hereto. The parties hereby acknowledge that they have been represented in negotiations and for the preparation of this Agreement by counsel or have been advised that they are free to seek separate legal counsel to determine the obligations incurred under this Agreement and the consequences of the terms of this Agreement and that said advice has been acted upon prior to signing this Agreement.

15. Except as set forth in paragraph 5 of this Agreement, the parties agree that they shall be responsible for the payment of their own costs, attorneys' fees and all other expenses incurred in connection with this matter.

16. The parties hereby represent and warrant that they have not assigned, pledged or otherwise transferred or surrendered any of the rights and/or claims released herein to any other person and/or entity, that they are the sole owner and holder of

all said claims, and that they have the full authority to enter into the releases, waivers and promises set forth in this Agreement.

17. This Agreement contains the sole and entire agreement and understanding of the parties with respect to the entire subject matter hereof, and any and all prior discussions, negotiations, commitments, or understandings related hereto, if any, are hereby merged herein. No representations, oral or otherwise, express or implied, other than those contained herein have been made by any party hereto. No other agreements not specifically referred to herein, oral or otherwise, shall be deemed to exist or to bind any of the parties hereto.

18. This Agreement and all terms and conditions contained herein shall be binding upon and inure to the benefit of the successors, heirs and assigns of the parties hereto.

19. If any legal action is necessary to enforce or interpret the terms of this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees, costs and necessary disbursements in addition to any other relief to which that party may be entitled.

20. Any Exhibits attached hereto are incorporated herein by this reference and expressly made a part of this Agreement for all purposes. References to any Exhibit in this Agreement shall be deemed to include this reference and incorporation. Each party hereto acknowledges, represents, and warrants that (i) each party hereto is of equal bargaining strength; (ii) each such party has actively participated in the drafting, preparation, and negotiation of this Agreement; (iii) each such party hereto has had the opportunity to have such party's independent counsel review this Agreement; and (iv) any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Agreement, any portion hereof, any amendments hereto, or any Exhibits attached hereto.

21. The parties expressly understand and agree that this Agreement is intended as a full and complete settlement, compromise and resolution of every claim of any nature which the parties have or may have against each other arising out of or in any manner connected with the Action, the Property Agreements and the Trust whether known or unknown, anticipated or unanticipated, and/or whether now existing or becoming existent in the future; and, that the parties hereby expressly and knowingly relinquish and waive all rights otherwise provided by § 1542 of the California Civil Code which provides as follows:

    **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR**

SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

22. This Agreement may be executed in several counterparts and all such executed counterparts shall constitute one agreement, binding on all the parties, not withstanding all the parties are not signatories to the original or to the same counterpart. An executed copy and an executed facsimile of this Agreement shall be deemed as binding and effective as an executed original agreement.

23. If any provision of this Agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remaining provisions shall nevertheless continue in full force without being impaired or invalidated in any way. All questions concerning the validity, interpretation, or performance of any terms of this Agreement, or any rights or obligations of the parties hereto, shall be governed by and resolved in accordance with the laws of the State of California in effect as of the Effective Date of this Agreement.

24. The effective date of this Agreement is the date the last signatory executed this Agreement.

**IN WITNESS WHEREOF,** the undersigned hereby execute this Settlement and Release Agreement on the dates set forth opposite their signatures.

Dated: 8/23, 2013

Roderic Malcolm Schmidt

Dated: 8/23, 2013

Martin A. Schmidt, individually and as Successor Trustee of the Schmidt Family Trust Dated July 12, 1979

6

NRT WEST, INC. DBA COLDWELL
BANKER RESIDENTIAL MORTGAGE

By: _____
     Daniel M. Mueller, Vice-President and
     Western Regional Counsel